Filed 1/29/16  P. v. Navarro CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR RAMON NAVARRO,<br><br>    Defendant and Appellant. | B258937<br><br>(Los Angeles County<br>Super. Ct. No. GA092590) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

    Law Offices of Robert C. Moest, Robert C. Moest, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Victor Navarro appeals from the judgment entered following his conviction by jury on one count of criminal threats. (Pen. Code, § 422, subd. (a).)[1] Defendant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 22, 2014, defendant was charged by information with one count of criminal threats in violation of section 422, subdivision (a). Defendant pled not guilty to the charge.

Jury trial commenced on July 14, 2014. The prosecution presented evidence that on March 8, 2014, defendant engaged in a heated argument with Manuel Barrientos, who was working as a gardener next door to defendant's home. Barrientos testified that defendant told him to stop using a leaf blower, as it was dirtying laundry drying in defendant's yard, but Barrientos refused. Defendant then confronted Barrientos as Barrientos was standing near his truck getting ready to leave. According to Barrientos, defendant approached him angrily, pulled out a switchblade knife from his pocket, opened it, and said "I'm in front of my house. Otherwise, I would stab you right now." Defendant did not point the knife at Barrientos, but Barrientos testified that he was in fear for his safety. He told defendant to "do it," and defendant responded "Not now because I'm in front of my house. . . . I will see you another day in another street [sic]. I will have a gun, and I'm going to kill you." Defendant put his knife back in his pocket and went back inside his house, then Barrientos called the police.

Officers from the Sierra Madre Police Department arrived and arrested defendant. They testified that defendant denied brandishing a weapon at Barrientos and denied having a knife in his home. Defendant consented to a search of his residence; during that search, police officers recovered a switchblade knife in a bedroom closet. Officers

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

showed photos of the knife recovered from defendant's bedroom to Barrientos, who identified it as the same knife defendant was holding during their confrontation.

Defendant testified on his own behalf. He stated that he initially politely asked Barrientos to change the way he was using the blower, but Barrientos "dismissed me like I was trash," at which point defendant "showered Mr. Barrientos with an array of insults and racial slurs." Barrientos responded by turning up the blower full blast. Defendant realized he was getting too "hot," so he went back inside his home and attempted to calm himself down. He then approached Barrientos to apologize, but Barrientos responded rudely, angering defendant. According to defendant, he told Barrientos that "the reason why I don't grab you by the shirt right now and bitch slap you like a two-dollar whore is because I'm right in front of my home and I'm trying to be respectful of my neighborhood and my neighbor. But be aware, if I ever find you anywhere outside of the premises of my home . . . , I'm going to put my best effort to put my foot up your ass so deep and so hard that if you ever have children, they going to be born [sic] with hemorrhoids."

Defendant denied having a knife during this encounter and denied ever threatening to use a knife or a gun against Barrientos. He testified that he did not know there was a knife in his closet, but believed it belonged to a woman who had visited him about a week prior to the incident. On cross-examination, defendant was shown photos of the knife and described how to open it using an index finger.

On July 16, 2014, the jury found defendant guilty as charged. At sentencing, the court ordered the imposition of sentence suspended, and sentenced defendant to three years of formal probation, with the condition that defendant serve 320 days in county jail. Defendant was given credit for 320 days in custody. The court imposed various fines and probation conditions, including ordering defendant to stay away from the victim and to attend mental health counseling. Defendant timely appealed.

## DISCUSSION

Defendant's appellate counsel filed a brief that raised no issues and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d

3

436. On July 20, 2015, we sent defendant a letter informing him of the nature of the brief that had been filed and advising him that he had 30 days to file a supplemental brief setting forth issues he wished this court to consider. On August 18, 2015, we received defendant's supplemental brief, raising the issues addressed below.

A. *Defendant's Contentions*

Defendant makes several complaints relating to the performance of his court-appointed trial counsel, in essence raising a claim of ineffective assistance. First, defendant contends his counsel tried to "coerce" him into taking a guilty plea. Because defendant did not accept a plea but proceeded to trial, he has not articulated any prejudice flowing from the alleged conduct by defense counsel. (See, e.g., *People v. Mai* (2013) 57 Cal.4th 986, 1009 [to establish a claim for ineffective assistance of counsel, defendant "must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different"].)

Second, defendant claims that, during voir dire, defense counsel dismissed jurors defendant wanted to keep. There is no evidence supporting this contention in the record, let alone sufficient evidence to support a claim of ineffective assistance of counsel. (See *Mai, supra*, 57 Cal.4th at p. 1009 ["When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance."].)

Third, defendant claims that his counsel contradicted defendant's testimony during closing argument, most notably by stating that defendant did have a knife during his confrontation with Barrientos. Defendant is incorrect. In his closing argument, defense counsel noted the testimony by Barrientos that defendant threatened to stab him and defendant's own testimony that he would "put [his] boot up [Barrientos's] ass." Counsel acknowledged that under either scenario, defendant's statements may have sounded like a threat, but argued that "this is a case about words" and the context of the words used by defendant failed to meet the elements to establish a criminal threat under section 422, subdivision (a). Defense counsel did not state that defendant was actually holding a

4

knife, but he did argue that even "if it's true [defendant] had a knife in his hand," defendant never pointed it at Barrientos or "took any actions to go and do these threats." He also pointed out that Barrientos's actions in challenging defendant were inconsistent with Barrientos's testimony that he was fearful that defendant would stab him. Under these circumstances, particularly in light of defendant's own admissions regarding his interactions with Barrientos, we decline to speculate that counsel's actions were due to incompetence rather than reasonable trial strategy. (See *Strickland v. Washington* (1984) 466 U.S. 668, 686 [to prove ineffective assistance of counsel, defendant must show "his counsel's performance was deficient when measured against the standard of a reasonably competent attorney"]; *Mai, supra*, 57 Cal.4th at p. 1009 ["On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation."].)

Finally, defendant claims that his attorney "prevent[ed]" him from making a statement to the court prior to his sentencing. At sentencing, the court informed defendant of his right to be heard and defendant initially indicated that he wished to make a statement. The transcript of the proceedings reflects that defendant then conferred with his counsel, after which point defendant stated "No, your honor. That's okay. Thank you." We find no evidence on this record to support defendant's claim that he was prevented by his counsel from making a statement.

B. *Wende Review*

In addition to considering the issues above, we have independently reviewed the entire record. We are satisfied that no arguable issues exist and defendant has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal. 4th 106, 123-124.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.